UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JAVIER SANCHEZ and GREGORY CASORSO,<br>Defendants. | Case No. 14-cr-00580-PJH-2, -3<br><br>**ORDER DENYING MOTIONS FOR RELEASE ON BAIL PENDING APPEAL**<br><br>Re: Dkt. Nos. 391, 392 |

Before the court are defendant Javier Sanchez's joinder in codefendant Michael Marr's motion for release on bail pending appeal and Gregory Casorso's motion for bail pending appeal, which incorporates the authorities and arguments made in Marr's motion. Doc. nos. 391, 392. Marr's motion for release pending appeal was filed prematurely, before sentence or judgment of conviction has been entered, and therefore remains pending. Doc. no. 390. Having held a hearing on Sanchez and Casorso's motions for release on bail pending appeal, and having considered the relevant authority, the parties' briefs, the record, and the argument of counsel, the court DENIES the motions for the reasons stated on the record and set forth below.

For purposes of these motions, the government does not raise a dispute, under 18 U.S.C. § 3143(b)(1), whether Sanchez or Casorso presents a flight risk or poses a danger to the community, or whether the appeal is for the purpose of delay. The parties only dispute whether defendants have raised a "substantial question of law or fact likely to result in reversal [or] a new trial." 18 U.S.C. § 3143(b)(1)(B). Defendants contend that they raise three substantial questions on appeal: (I) Whether "unreasonable restraint" is a necessary element of a criminal violation of the Sherman Act; (II) If so, can a defendant,

consistent with the due process clause, be convicted of a Sherman Act violation without this necessary element being found by the jury; and (III) Whether "controlling precedent" bars the Ninth Circuit from deciding Questions I and II.

On appeal, defendants will necessarily ask the Ninth Circuit to revisit its ruling in *United States v. Manufacturers' Assn.,* 462 F.2d 49, 50 (9th Cir. 1972). There, the Ninth Circuit rejected the argument, challenging a conviction under the Sherman Act, that "the per se rule as to price-fixing, i.e., that price-fixing is per se a violation of the antitrust laws and that the test of reasonableness has no application, is in substance the creation of a conclusive presumption and denies them due process in a criminal trial." *Id.* The court in *Manufacturers' Assn.* applied well-settled authority recognizing that price fixing has long been held to be "a per se violation of the Sherman Act without consideration of the rule of reasonableness." *Id.* at 51 (citing *United States v. Socony-Vacuum Oil Co., Inc.,* 310 U.S. 150 (1940); *United States v. Trenton Potteries Co.*, 273 U.S. 392 (1927) (sustaining criminal conviction for violation of the Sherman Act by price fixing where the district court "refused various requests to charge that both the agreement to fix prices and the agreement to limit sales to a particular group, if found, did not in themselves constitute violations of law, unless it was also found that they unreasonably restrained interstate commerce"); *United States v. American Tobacco Co.*, 221 U.S. 106 (1911); *Standard Oil Co. v. United States*, 221 U.S. 1, 60-68 (1911)). Defendants revive their argument, initially raised in pretrial motions, that the holding of *Manufacturers' Assn.* has been undermined by intervening cases deciding antitrust and due process issues. Doc. no. 390 at 6-10.

Defendants suggest that there is an open question whether unreasonable restraint is an element of a criminal Sherman Act offense by arguing that the Supreme Court "has never expressly held that 'unreasonable restraint' is not a necessary element of a criminal violation." Doc. no. 403 at 3. But in *Trenton Potteries*, the Supreme Court was presented with the question "whether the trial judge correctly withdrew from the jury the consideration of the reasonableness of the particular restraints charged," and held that

2

"[w]hether the prices actually agreed upon were reasonable or unreasonable was immaterial in the circumstances charged in the indictment and necessarily found by the verdict." 273 U.S. at 396, 401. The Court recognized that *Standard Oil* and *American Tobacco* did not overrule earlier cases holding that "uniform pricefixing by those controlling in any substantial manner a trade or business in interstate commerce is prohibited by the Sherman Law, despite the reasonableness of the particular prices agreed upon." *Trenton Potteries Co.*, 273 U.S. at 398 (citations omitted). "That only those restraints upon interstate commerce which are unreasonable are prohibited by the Sherman Law was the rule laid down by the opinions of this court in the Standard Oil and Tobacco Cases. But it does not follow that agreements to fix or maintain prices are reasonable restraints and therefore permitted by the statute, merely because the prices themselves are reasonable." *Id.* at 396.

Defendants contend that even in light of this long line of antitrust jurisprudence, they will present a fairly debatable question whether "unreasonable restraint" is a necessary element of a criminal violation of the Sherman Act. Doc. no. 403 at 2-3. This issue was squarely decided by the Ninth Circuit in *Manufacturers' Ass'n.* "The per se rule does not operate to deny a jury decision as to an element of the crime charged, since "unreasonableness" is an element of the crime only when no per se violation has occurred." 462 F.2d at 52. In light of this binding circuit authority, this court does not find a fairly debatable question whether bid rigging, a form of price fixing, is a per se violation of the Sherman Act, without inquiry as to reasonableness, as a matter of substantive law:

> Thus the Court has interpreted a broad and inclusive statute, and since the earliest days of the Act, has enunciated two distinct rules of substantive law: (1) certain classes of conduct, such as price-fixing, are, without more, prohibited by the Act; (2) restraints upon trade or commerce which do not fit into any of these classes are prohibited only when unreasonable. The first rule, in light of the second, defines certain classes of pernicious conduct as unreasonable. Roughly restated, the per se rule establishes a conclusive presumption that certain types of conduct are unreasonable.

*Manufacturers' Ass'n*, 462 F.2d at 52 (citing *Northern Pac. Ry. Co. v. United States*, 356

U.S. 1, 5 (1958)). *See Harkins Amusement Enterprises, Inc. v. Gen. Cinema Corp.*, 850 F.2d 477, 487 (9th Cir. 1988) ("Concerted action to eliminate competitive bidding violates the Sherman Act.") (citing *United States v. Champion Int'l Corp.*, 557 F.2d 1270, 1272–73 (9th Cir. 1977); *United States v. Brighton Bldg. & Maintenance Co.*, 598 F.2d 1101, 1106 (7th Cir. 1979)).

Defendants challenge the dichotomous approach under antitrust law requiring per se treatment for bid rigging, but analyzing other forms of anticompetitive conduct under the rule of reason. Doc. no. 403 at 2-3. Defendants complain that the government should not be able to remove the question of reasonableness from the jury merely by charging anticompetitive conduct as bid rigging. However, long-standing authority, followed by the court in *Manufacturers' Ass'n,* recognizes that price fixing is "conclusively presumed to be unreasonable and therefore illegal without elaborate inquiry as to the precise harm they have caused or the business excuse for their use." *Northern Pac. Ry. Co.*, 356 U.S. at 5. As the government pointed out in response to defendants' motions, the circuit courts that have been presented with this issue have similarly held that the per se rule is a substantive rule of law and does not create an evidentiary presumption or withhold an element from the jury. Doc. no. 402 at 4 (citing *United States v. Giordano*, 261 F.3d 1134, 1144 (11th Cir. 2001); *United States v. Cargo Serv. Stations, Inc.*, 657 F.2d 676, 683 (5th Cir. 1981); *United States v. Koppers Co.*, 652 F.2d 290, 293 (2d Cir.1981); *United States v. Gillen*, 599 F.2d 541, 545 (3d Cir. 1979); *Brighton Bldg. & Maint. Co.*, 598 F.2d at 1106 (7th Cir. 1979)).

Defendants suggest that *Manufacturers' Ass'n* is stale because it was decided over 45 years ago and is irreconcilable with more recent authority requiring a jury to decide whether each element of the offense had been proven beyond a reasonable doubt. Doc. no. 403 at 6-7. As the court noted in its pretrial rulings, the due process principle that the jury must decide every element of the crime is not a novel issue that has arisen since *Manufacturers' Ass'n* was decided. "The due process principles that defendants contend contravene the per se rule were considered by the court in

4

*Manufacturers' Ass'n*, which cited *Morissette* as authority on the right to have every element of the crime submitted to the jury." Doc. no. 247 (Pretrial Order No. 5) at 7 (citing *Morissette v. United States*, 342 U.S. 246, 276 (1952) ("Whether that intent existed, the jury must determine, not only from the act of taking, but from that together with defendant's testimony and all of the surrounding circumstances.")).

The court considered defendants' challenges to per se treatment of the bid rigging counts, and addressed their arguments in Pretrial Order No. 2 denying their motion to adjudicate the Sherman Act allegations pursuant to the rule of reason (doc. no. 66) and Pretrial Order No. 5 denying their motion in limine to admit evidence of auction sale price analyses. Doc. nos. 135, 247. Having been found guilty by a jury, based on a theory of criminal liability fully supported by Ninth Circuit authority, defendants now ask the court to find a fairly debatable issue as to whether the Ninth Circuit should overrule itself. This court, being bound by existing authority, does not find that defendants raise a substantial question of law. Defendants' challenge to the per se rule, in light of long-standing authority recognizing per se treatment of horizontal price fixing as a substantive rule of law and rejecting pleas to require a jury finding of unreasonableness, does not present "an appeal to precedent or to reason commanding respect that might possibly prevail" or an otherwise fairly debatable issue. *United States v. Handy*, 761 F.2d 1279, 1281 (9th Cir. 1985) (citation omitted).

Accordingly, Sanchez and Casorso's motions for release on bail pending appeal are DENIED.

**IT IS SO ORDERED.**

Dated: January 12, 2018

_____
PHYLLIS J. HAMILTON
United States District Judge